# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:16-CR-00166-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AMUR MASHUG EL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for New Trial (#124). On November 20, 2019, after a three-day trial, a jury returned a verdict, finding Defendant guilty of two counts of filing or attempting to file false liens or encumbrances against the real and personal property of officers of the U.S. Government, in violation of 18 U.S.C. § 1521 (#120).

After the jury was discharged but before the Court finished its proceedings, a juror returned to the courtroom and informed the Court of misconduct by another juror. The Court then held a brief evidentiary hearing where the reporting juror was permitted to testify. According to her, while the jury deliberated whether Defendant had the requisite mental state to commit the alleged crimes, the offending juror indicated that they had conducted an internet search and discovered a psychiatric examination of Defendant, which found he was competent to stand trial. The juror indicated that this exchange affected the jury deliberations generally and her vote in particular.

Outside the jury's presence, the Court had previously determined during trial proceedings that the examination was inadmissible. Thus, on December 5, 2019, Defendant filed this motion, contending a new trial is in the interest of justice. The Government did not oppose the motion. Having considered the testimony of the reporting juror, the Court finds that the jury's impartiality was overcome by an improper extraneous influence and that Defendant was deprived of the right to an impartial jury. See Fullwood v. Lee, 290 F.3d 663, 678 (4th Cir. 2002).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for New Trial (#124) is **GRANTED**.

Signed: February 7, 2020

Max O. Cogburn Jr.
United States District Judge